IN THE WESTERN DISTRICT OF MISSOURI
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARY R. BOWER, GABRIELLE N. LYON, a minor, and ARIEL BOWER, a minor, ) ) ) ) | |
| Plaintiffs. ) ) | |
| v. ) ) | Case No. 05-3221-CV-S-GAF |
| SPRINGFIELD R-12 SCHOOL DISTRICT, ) ) | |
| Defendant. ) | |

## ORDER

Two related motions are presently pending before this Court in the above-captioned matter. The Plaintiff, Mary Bower ("Mary Bower"), is representing her herself in this case. She has been appointed as "next friend" of her minor children, Gabrielle Lyon and Ariel Bower. (Doc. #18). Although Bower may assert her own claims on her own behalf, she does not have a coordinate right to litigate for her minor children. *See* Myers v. Loudoun County Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) *citing* Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002).

Accordingly, the Defendant, Springfield R-12 School District ("School District"), filed a Motion to Dismiss arguing that because Bower's minor children are not represented by counsel and cannot represent themselves, the minor children's claims against the School District must be dismissed. (Doc. #21). In response, Bower filed a Motion for Court-Appointed Attorney for Minor Children of this Suit. (Doc. #20). The School District did not respond to Bower's Motion.

The Court was unable to determine if the minor children were entitled to a court-appointed attorney

1

based on the facts asserted in the Complaint. Therefore, the Court ordered Bower to file a statement of facts supporting each of the individual claims she asserts on behalf of her minor children. (Doc. #42). Bower filed two statements of fact. (Doc. #49, #50). The School District filed a response to these facts. (Doc. #54). Following a careful review of the facts presented by the parties, the Court finds that the minor children are not entitled to court-appointed counsel in this civil matter. Accordingly, Bower's Motion for Court-Appointed Attorney for Minor Children of this Suit is DENIED. The School District's Motion to Dismiss is GRANTED.

## DISCUSSION

Title 28 U.S.C. § 1915(e) ("§ 1915(e)") governs the request for counsel in a civil proceeding and provides in its entirety:

(1) The court may request an attorney to represent any person unable to afford counsel.
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
 (A) the allegation of poverty is untrue; or
 (B) the action or appeal –
  (i) is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune from such relief.

Accordingly, the threshold consideration under § 1915(e) is whether the unrepresented plaintiff(s), here Gabrielle Lyon and Ariel Bower, are "unable to afford counsel." In the event that their allegation of poverty is untrue, § 1915(e) requires the Court to dismiss the case. "Congress justified giving federal courts broader power to dismiss an indigent litigant's complaint because 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

2

frivolous, malicious, or repetitive lawsuits.'" Murphy v. Jones, 801 F.Supp. 283, 287 (E.D. Mo. 1992) *quoting* Neitzke v. Williams, 490 U.S. 319, 324 (1989).

Mary Bower prays in her Motion for Court-Appointed Attorney for Minor Children of this Suit that "the Honorable Judge will award a court appointed attorney in this cause due to [Bower's] forma pauperis pleading and inability to find a local attorney for less than a large retainer to take the case." (Doc. #20). However, in her statements of fact Mary Bower asserts that Gabrielle Lyon "was awarded damages for an assault at the Bowling alley by three girls and two Parkview boys." (Doc. #49, ¶ 39). Certified court records, provided to the Court by the School District, reveal that Gabrielle Lyon was awarded eight thousand dollars ($8,000.00) on July 1, 2005, of which she received a net payment of approximately four thousand two hundred dollars ($4,200.00). (Doc. #54, Ex. 3). R. Weimer, Inc., d/b/a Sunshine Lanes was named as the defendant in this action which was dismissed with prejudice upon stipulation of the parties. Id. The certified court record reveals that Gabrielle Lyon was represented by Craig Hosmer of the Springfield, Missouri law firm of McDonald, Hosmer, King & Royce, P.C. in the matter. Id.

Mary Bower asserts that Gabrielle Lyon continues to be represented by an attorney in other matters. In her statements of fact, Mary Bower contends: "There is a suit being filed this week by Gabrielle's attorney against the parents of the girls who assaulted her." (Doc. #49, ¶ 45). Based on these facts, Mary Bower apparently has the financial means to obtain an attorney to represent her minor children.

Finally, on May 20, 2005, Mary Bower informed Dr. Nate Quinn, Principal of Jarrett Middle School that she had recently won a judgment of forty thousand dollars ($40,000.00). (Doc. #54, Ex. 1). Mary Bower made the same representation to Mr. Steven Schreiner, Assistant Principal of Jarrett Middle School. (Doc. #54, Ex. 2).

Based on the foregoing factual assertions, the Court finds that Mary Bower has the financial means to retain an attorney to represent Gabrielle Lyon and Ariel Bower in their suit against the School District. In the past ten months, certified court records and Mary Bower's own admissions reveal that she and Gabrielle Lyon have secured $44,200.00 in settlement proceeds from unrelated lawsuits. Furthermore, Gabrielle Lyon is presently represented by legal counsel in other matters. Accordingly, the Court finds that Mary Bower's allegation of poverty on behalf of Gabrielle Lyon and Ariel Bower is untrue and that the family is able to afford counsel. Requiring the public to assume the filing fees and court costs of Gabrielle Lyon and Ariel Bower in this matter is unjustified.

Based on the foregoing analysis, Mary Bower's Motion for Court-Appointed Attorney for Minor Children of this Suit (Doc. #20) is DENIED. The School District's Motion to Dismiss (Doc. #21) is GRANTED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: March 14, 2006

4